UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ADOLFO GONZALEZ et al.,

Plaintiffs,

v.

SAN MATEO COUNTY et al.,

Defendants.

Case No. 3:19-cv-00736-VC (LB)

**SANCTIONS ORDER**

Re: ECF No. 116

## INTRODUCTION

The parties dispute whether the court should sanction the plaintiffs for failing to attend their Independent Medical Examinations (IMEs), in violation of the court's previous order requiring the plaintiffs to complete them by February 3, 2021.[1] The timing matters because the defendants' summary-judgment motion must be filed on April 22, 2021.[2] Possible sanctions include terminating sanctions for the claim involving intentional infliction of emotional distress (claim five) and $5,181 in costs that the defendants incurred when the plaintiffs did not show up for their scheduled IMEs. The court sanctions the plaintiffs personally for the costs that the County actually incurred, orders the parties to have a scheduling call for the IMEs within three business days (by Thursday, February

---

[1] Joint Letter Brief – ECF No. 116; Order – ECF No. 115. Record citations are to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Letter Brief – ECF No. 116 at 3.

ORDER – No. 3:19-cv-00736-VC (LB)

18, 2021 at noon with an update to the court by 2 p.m. that day), orders the plaintiffs to settle on IME dates during that call, and warns the plaintiffs that if they cancel or do not attend the IMEs, they will be responsible for costs incurred by the defendants, and the court will recommend terminating sanctions for their claim of intentional infliction of emotional distress.

## STATEMENT

The plaintiffs — a father and his minor son — sued the San Mateo County Department of Family and Children Services (and related individual defendants) for claims related to dependency proceedings that the County initiated to investigate allegations that the son's mother abused him.[3] The plaintiffs' claims include claims of intentional infliction of emotional distress and negligent infliction of emotional distress.[4]

On January 5, 2021, following the defendants' efforts in November and December 2020 to schedule the IMEs and enlist the court's assistance, the court ordered the plaintiffs to appear for their IMEs by February 3, 2021.[5] The IMEs were to be conducted by Zoom to address the parties' concerns about the pandemic.[6] On January 8, 2021, the plaintiffs — through their counsel — agreed to IMEs on January 21, 2021 and February 3, 2021 but did not specify who would attend.[7] Defense counsel emailed the plaintiffs' counsel several times about who would attend, and the plaintiffs' counsel said that he would let him know as soon as he heard from his clients.[8] At 8:25 a.m. on January 21, 2021, roughly an hour and a half before the IME start time, the plaintiffs' counsel called defense counsel to let him know that his client (Mr. Gonzalez) was not going to attend the IME. The plaintiffs' counsel told defense counsel that Mr. Gonzalez had called the court reporter the night before and left a voicemail message. In the message, Mr. Gonzalez said that he was not attending

---

[3] Second Am. Compl. (SAC) – ECF No. 64; Joint Case-Management Statement – ECF No. 66 at 6.
[4] SAC – ECF No. 54 at 26–30 (¶¶ 146–175).
[5] Joint Letter Brief – ECF No. 116 at 3–4; Order – ECF No. 115; *see generally* Docket.
[6] Joint Letter Brief – ECF No. 116 at 2 n.1.
[7] Goff Email, Ex. B to Charles Decl. – ECF No. 116-2 at 9.
[8] Emails – Ex. C to *id.* at 13–15.

ORDER – No. 3:19-cv-00746-VC (LB)                2

the IME because his lawyer told him of the IME only 45 minutes ago, he was on probation, had a job, and his son needed care, and he needed to reschedule. The plaintiffs' counsel told defense counsel that he told Mr. Gonzalez about the IME two weeks earlier (and that Mr. Gonzalez's statement to the contrary was false).[9]

Defense counsel offered substitute IME dates of January 25, 2021 and January 27, 2021 for the previously scheduled date of January 21, 2021.[10] The plaintiffs did not respond.[11] On February 1, 2021, defense counsel reminded the plaintiffs' counsel that the son's IME was scheduled for 10:00 a.m. on February 3, 2021 and asked counsel to confirm that the IME would occur. The plaintiffs' counsel did not respond.[12] The plaintiffs did not appear for the IME on February 3, 2021, and the plaintiffs' counsel did not call anyone to say that his clients would not appear.[13]

As a result, the County paid the examining doctor's fees (five hours for each day) of $3,850. Defense counsel spent five and one-half hours preparing the sanctions brief at $242 per hour, for total fees of $1,331.[14] Total costs thus are $5,181.

The court held a hearing on February 11, 2021.

## ANALYSIS

**1. Legal Standard**

When a district court decides to impose sanctions or discipline, it must "clearly delineate under which authority it acts to ensure that the attendant requirements are met." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Mmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (cleaned up)). "The imposition of sanctions requires a statement of

---

[9] *Id.* at 3 (¶¶ 7–8).

[10] Charles Email, Ex. D to *id.* at 17.

[11] *Id.* at 3 (¶¶ 10–11).

[12] *Id.* at 3–4 (¶ 12); Charles Email, Ex. E to *id.* at 22–23.

[13] *Id.* at 4 (¶ 13).

[14] *Id.* (¶¶ 15, 17).

ORDER – No. 3:19-cv-00746-VC (LB)    3

reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

### 1.1 Terminating Sanctions

#### 1.1.1 Federal Rules of Civil Procedure 41(b) and 37(b) & (d)

"If the plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under [41(b)] and any dismissal not under this rule — except one for lack of jurisdiction, lack of venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (cleaned up and citation omitted). "The law presumes injury from unreasonable delay." *Id.* at 524 (citation omitted). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citation omitted).

In *Yourish v. Cal. Amplifier*, the Ninth Circuit applied the five-factor standard applied in a Rule 37(b) case to a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 990 (quotation and

citation omitted). "We may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Id*. (quotation and citation omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id*. (cleaned up); *see Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (setting forth the five factors). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen.*, 482 F.3d at 1096 (citation omitted).[15]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Conn. Gen.*, 482 F.3d at 1096. "Only willfulness, bad faith, and fault justify terminating sanctions." *Id*. (quotation omitted).

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation omitted). For example, a failure to produce documents as ordered is by itself prejudice enough to authorize terminating sanctions. *Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is

---

[15] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Conn. Gen.*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Id.* (quotation and citation omitted).

ORDER – No. 3:19-cv-00746-VC (LB)　　　5

not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id*. (citation omitted). Indeed, a "[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id*. (quotation and citations omitted).

### 1.1.2 Inherent authority

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Ninth Circuit has held that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

### 1.2 Monetary Sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (citation omitted).

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional

factors that may bear upon reasonableness. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### 2. Discussion

There is no excuse for the plaintiffs' missing their IMEs. The defendants tried unsuccessfully to schedule them, and, after the defendants enlisted the court's assistance, the court ordered that the IMEs must occur by February 3, 2021. The plaintiffs cancelled one at the last minute, and they did not show for the second. The plaintiffs cannot proceed on their claim for intentional infliction of emotion distress if they do not submit to the IMEs, which are by Zoom.

As a result, the defendants incurred hard costs for the expert and attorney's fees for the sanctions motion totaling $5,181. Based on the court's knowledge of the hourly rates in the community, defense counsel's submissions support the fees under the lodestar cross-check.

The court does not see a basis for sanctioning the plaintiffs' counsel. The record establishes his client's fault. His lack of response to emails could use substantial improvement. But that is not a basis for personal sanctions.

The plaintiffs' counsel does not dispute the reasonableness of the fees and costs and instead points to his clients' indigency and their fear of the pandemic as grounds for not imposing the sanction.[16] The court does not understand the second ground: the IMEs were to be conducted by Zoom. Also, that fear does not explain last-minute cancellations or a no-show and the resulting costs to the defendants. As to indigency, the plaintiffs' counsel cites no authority for the proposition that indigency is a circumstance that makes an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C); *cf.* Fed. R. Civ. P. 54(d)(1); *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (Rule 54(d)(1) creates a "presumption in favor of awarding costs to a prevailing party, but vests discretion in the district court to refuse to award costs."); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) ("Appropriate reasons for denying costs include: (1) the substantial public importance of the case,

---

[16] Joint Letter Brief – ECF No. 116 at 4.

(2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.") Defense counsel offered to defer collection of the costs to the end of the case, which will allow the parties to reconcile their respective obligations then.

The one caveat to this holding is that defense counsel is Deputy County Counsel for San Mateo County. The court assumes that his hours are paid by the agency, as is typical in government cases involving revenue-producing agencies. If that assumption is incorrect, then — given the plaintiffs' indigency — the court does not award the hours spent as a sanction and instead awards only the expert costs. If the fees are not compensable under this ruling, the court asks County Counsel to submit a proposed order awarding only expert costs as a sanction. If an agency is paying the fees, then the court asks for a short declaration to that effect and a proposed order awarding the full $5,181.

The court does not recommend terminating sanctions for claims that require the IMEs because it has not warned the plaintiffs previously about that consequence for failing to attend their IMEs. Instead, given the need for escalating sanctions, the court imposes the monetary sanction and warns the plaintiffs that a failure to attend their IMEs and comply with this order will result in the court's recommendation for dismissal of the claim of intentional infliction of emotional distress.

An issue is the effect of the IMEs on the claim for negligent infliction of emotional distress, which appears to be a live claim. The defendants asked only to dismiss claim five, the claim for intentional infliction of emotional distress, but they also asked to prohibit the plaintiffs from offering any evidence of emotional distress at trial.[17] The parties did not brief the issue, but the court assumes that the plaintiffs would not be precluded from claiming garden-variety emotional distress. But it is not clear what the effect is on the claim for negligent infliction of emotional distress, which requires the plaintiffs to establish that they suffered serious emotional distress. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992) (elements for negligent infliction of emotional distress include (1) the defendant engaged in negligent conduct involving the usual

---

[17] *Id.*

issues of duty and breach, (2) the plaintiff suffered serious emotional distress, and (3) the defendant's conduct was a substantial factor in causing the emotional distress suffered by plaintiff).

For purposes of this order, and subject to revisiting the issue if terminating sanctions become appropriate, the court warns the plaintiffs that their failure to schedule and attend their IMEs may result in the dismissal of claims five and six for intentional and negligent infliction of emotional distress.

## CONCLUSION

The court grants the motion for sanctions and awards $5,181 in expert costs and fees (subject to the clarification that the court asked for in this order) against the plaintiffs (but not the plaintiffs' counsel). The court warns the plaintiffs that their failure to schedule and attend their IMEs may result in the dismissal of claims five and six for intentional and negligent infliction of emotional distress.

**IT IS SO ORDERED.**

Dated: February 16, 2021

_____
LAUREL BEELER
United States Magistrate Judge